The Court delivered the following opinion : — Wil-Hancock brought an action upon the case, against William Vawter, in which he filed his declaration, containmg two counts. Upon setting aside the writ ol m-quiry, which had been awarded at the rules, the defen-demurred generally ; the plaintiff joined in demurrer > and, alter argument, the circuit court gave judgv ment, upon the demurrer, for the defendant ; to reverse judgment, the plaintiff prosecuted this appeal,
The first error assigned, is, that the court ought to have given judgment on the demurrer, for the plaintiff, instead of the defendant.
.* [he court be againft f^e demurrer, miety ™yt0F<^ withdrawn for rUt'ftiri/nUd a jury,
The two counts in the declaration are nearly the same, and if either of them is good, in substance, the plaintiff is etvtitkd to judgment. It has been argued by the counsel for the defendant, that neither of them is good ; because the plaintiff has not avered a payment or tender the money to be given as the price of the Jand agreed to be conveyed to him by the defendant; and because, as is alleged, the contract or premise of the defendant, is too uncertain to sustain an action ; and that it amounts to nothing more than a bare communication, or propo-sitian to sell. For the plaintiff, it is argued, that here are mutual promises, and that there are mutual dies ; that the promise, on the part of the defendant, coupled with the averments in the declaration, is sufficiently certain ; and that the promise amounts to a sale, and an agreement to convey.
The bargain of every man, ought to be performed as he understood it : and if a man will make such an agreement, as to convey his estate, before he has the money to be given him as the price ; and will rely on the remedy which he has to recover the money; he ought to perform his agreement. But, on the other hand, if his agreement was otherwise, there is no reason that he should be compelled to give credit, where he did not intend it — 1 Ld. Raymond, 666. Where there are mutual premises, and the one promise is the consideration of the other, the plaintiff is not obliged to aver performance of the promise on his part— Vide Cro. Eliz. 543, 703, 888—Ld. Raym. 664—Cro. Ch. 19 : all of which cases, and many others, prove that one promise is a sufficient consideration for the other.
Here, the second count in the declaration (of which alone we will say any thing), states, that “ The said defendant, by a certain other instrument of .writing, signed with his hand, the date whereof is the same day and year aforesaid, in consideration that the said plaintiff did assume upon himself,.and to the said defendant faithfully promise, to pay other nine shillings per acre for the land, hereafter mentioned, did assume upon himself, to and agree with the said plaintiff to sell him,” &c.
The promise on the part of the plaintiff, to pay, and not the actual payment of the money, is expressly laid as the consideration of the agreement on the part of the defendant, to sell; and the demurrer admits the truth of the allegation.
*512 In Lea vs. Exelby, Cro. Eliz. 888, before cited, wfijcfi ^a-i.assumpsit, upon an agreement to surrender a lease, it is said, that “ the whole court held, that if the promise had been in consideration he assumed to pay such á sum, that the defendant had assumed to surrender, that had been sufficient; for then he is to make his surrender, and he ought to take his remedy against the other, for the rton-performancé of his promise ; but here it is, that he assumed to pay, and the other assumed to surrender it upon the payment, so as he would not trust to his promise ; but when he had paid, he would thén surrender it. And in the first case, he need not allege the performance of the promise j but here], in this, he ought.”
That case comes home to the present case, and is in point to prove; that the first position taken for the defendant, in argument, cannot be maintained 5 but that the law is for the plaintiff. , , ,
We are also of opinión, that the promise oft the part of the defendant, as set out in the declaration', with the averments made by the plaintiff,’⅛-rendered sufficiently certain. The promise is, substantially, to sell, not less than three nor more than four hundred acres, as might suit; part of a particular tract of land ; and to make a general warranty title, so soon as the land could be laid off, and a deed obtained from Rucker; the plaintiff to be at liberty to take possession, 8?c. And the plaintiff avers, that the defendant did lay off, and put him into posses^ sion of three hundred aeres of the said land. That reduced the quantity to certainty. He also avers, that the defendant could have prociyced a deed from Rucker, before a given day, but had’neglected to dó so. He avers also, that on that day he demanded a title of the defendant, and that the defendant not Only refused to convey, but acknowledged he could not, becáuse Rucker had then sold the land to another. If these averments are true (and that is admitted by the demurrer) the defendant cannot be excused in law for the breach of his promise.
That the promise of the defendant was not a bare communication, and proposition to sell, is evident front the agreement that he should convey so soon as the land could , be laid off and a deed obtained. The undertaking is, substantially, that he will Convey the land which he had then sold; not that which he might afterwards sell.
*513 The law arising upon the demurrer* is for the plaintiff; and, consequently, the circuit court erred in sustaining the demurrer, and giving judgment thereon for the defendant.
This case is involved m considerable difficulties ; depends upon abstruse principles of law ; and we.haye had considerable labor in forming a satisfactory opinion. Our opinion is ultimately formed against the defendant; •the opinion of the inferior court was for him. If the opinion of the circuit court, upon the demurrer, had been against the defendant, that court might have granted him leave to withdraw the demurrer, for the purpose of having the facts fairly determined by a jury. It would be too rigid for us to deprive him of a privilege which he might have had, but for the opinion of that court being in his favor.
It is, therefore, considered, that the judgment of the circuit court shall be, and the same is hereby reversed, annulled, and set aside ; that the suit be remanded to the said circuit court; and that the defendant shall be at liberty to apply to that court for leave to withdraw his demurrer, and plead to the merits of the action; and that if he fail todo so, judgment on the demurrer shall be render-fed for the plaintiff (a). And it is further considered, that the appellant recover of the appellee his costs in this behalf expended. Which is ordered to be certified to said court.

(a) Hammond vs. Anderfon fpring term 1809, S.P.